IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

ROBERT B. MATTHEWS,

    Plaintiff,

vs.

CASE NO. 10 009268

DIVISION: DIVISION H

MOSAIC FERTILIZER, LLC,
a Delaware Corporation,

    Defendant.

_____/

RECEIVED
APR 28 2010
CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY, FL

## COMPLAINT

Plaintiff Robert B. Matthews ("Mr. Matthews") sues Defendant Mosaic Fertilizer, LLC, a Delaware for-profit corporation, ("Mosaic") and alleges:

### Jurisdiction and Venue

1. This is an action for damages that exceed Fifteen Thousand Dollars $15,000.00.

2. This Court has subject matter jurisdiction over this case pursuant to Article V, Section 5 of the Florida Constitution and pursuant to Florida common law.

3. Venue is proper in the Thirteenth Judicial Circuit in that Mosaic is a foreign for profit corporation that has agents or other representatives conducting business in Hillsborough County, Florida.

### The Parties

4. At all material times, Plaintiff Mr. Matthews was a natural person and a resident of Seminole County, Florida.

5. At all times material hereto, Mosaic was a foreign for profit corporation that has agents or other representatives conducting business in Hillsborough County, Florida.

## Statement of Facts Common to All Counts

6. Upon information and believe, in 2009 Mosaic purchased a mobile office trailer, for use as a guard house from Williams Scotsman that was to be delivered and set-up on property owned by Mosaic that it designated near the entrance to the Hooker Prairie Mine owned and operated by Mosaic near Bradley, Florida.

7. Williams Scotsman contracted with Mark W. Rice, Inc. ("Rice") to install and set-up the trailer at a site designated, approved and prepared by Mosaic.

8. As the owner of the trailer and the land upon which the trailer was to be installed, Mosaic was responsible for the proper preparation and construction of the site to safely support the weight of the trailer, including, those steps incidental and necessary to the installation and set-up of the trailer by Rice.

9. At all times material hereto, Mosaic actively participated in the construction and preparation of the site it designated for the trailer to be installed upon and approved of all site conditions.

10. At all times material hereto, the Rice crew, including Mr. Matthews, relied upon Mosaic to properly designate, prepare and construct the site for the trailer in such a manner as to safely support the weight of the trailer during the installation process and to warn them of any dangerous conditions associated with the site or that may arise during the installation process.

11. The site designated, prepared and constructed by Mosaic was located between and immediately adjacent to a road leading to the plant on one-side and active railroad tracks used to transport mining materials on the other side.

12. On September 10, 2009, a work crew from Rice that included Mr. Matthews arrived at the Mosaic site to install and set-up the trailer.

13. At all times material hereto, Mosaic actively participated in and influenced the manner and process for the Rice crew, including Mr. Matthews, to install the trailer on the site it designated and prepared.

14. When the Rice crew arrived, the trailer was already positioned on the designated site and needed only minor adjustments by the Rice crew for final placement as directed by Mosaic.

15. Before the Rice crew arrived, Mosaic employees directed and approved the installation of plumbing pipes in the ground and under the trailer. The location and prior placement of the plumbing pipes limited the manner in which the Rice crew could install the trailer. Specifically, a trans lift device which could be used to support the weight of the trailer during installation could not be used because of the pipes. Consequently, the Rice crew would have to use jacks and safety piers placed on the site constructed by Mosaic to hold the weight of the trailer while it was prepared and the foundation piers were constructed.

16. At all times material hereto, Mosaic employees, including safety personnel, were at the site inspecting and approving the manner in which the trailer was being installed by the Rice crew and Mr. Matthews.

17. After the trailer was placed into final position by the Rice crew as directed and approved by Mosaic employees, safety piers were placed on each side of the trailer and the trailer was then lowered by jacks onto the safety piers.

18. After the trailer was lowered on to the safety piers, the wheels and axles used to transport the trailer had to be removed. Mr. Matthews was tasked with this job which required him to be physically under the trailer to remove the wheels and axles.

19. While Mr. Matthews was under the trailer and in the process of removing the axles, a train operating under the direction and control of Mosaic moved past the site on the adjacent tracks. The weight and action of the train caused the site and the ground under the safety piers to vibrate.

20. As the train moved through and passed the site, the ground under one of the safety piers on the side closest to the road collapsed causing the trailer to shift and slide off the safety pier nearest to where Mr. Matthews was working.

21. The perimeter steel I-beam frame of the trailer fell on Mr. Matthews causing catastrophic injuries, including, but not limited to: a shattered and fractured pelvis that was displaced 10 cm to the left, left hip fracture, low back injury, crushed bladder and urological problems, right arm numbness, a completely numb right leg and a severed artery in the right leg.

22. Mosaic negligently and carelessly created and approved a dangerous, hazardous and unsafe condition on its property as described above and permitted this condition to exist after Mosaic knew or should have know the condition existed and was dangerous, hazardous and unsafe.

23. Mosaic anticipated or should have anticipated the harm to Mr. Matthews and failed to take reasonable measures to correct this dangerous condition.

24. Mosaic knew or should have known that the site had not been properly prepared and tested and created a dangerous condition that could not support the weight of the trailer on the safety piers during installation.

25. The above-described dangerous, hazardous and unsafe condition on the subject premises created an unreasonable risk of harm to Mr. Matthews.

26. All conditions precedent to the maintenance of this action have occurred, been waived, or have otherwise been fulfilled.

## COUNT I

### NEGLIGENCE

This is an action brought under the common law of Florida to enforce liability for negligence.

27. Mr. Matthews incorporates herein and realleges by reference paragraphs 1 through 26 above as if fully incorporated herein.

28. Mosaic owed a non-delegable duty to Mr. Matthews to exercise reasonable care to maintain its premises in a reasonably safe condition. This non-delegable duty includes the site designation, preparation, construction and maintenance for the trailer to be installed in a condition reasonably safe and fitting for its planned purpose, including the reasonably expected steps necessary and incidental to the installation of the trailer by the Rice crew and Mr. Matthews.

29. Mosaic further owed a duty to Mr. Matthews to warn him of perils which were known or should have been known to Mosaic, including but not limited to, the weight and action of the train causing the ground to vibrate the ground under the designated site for the trailer.

30. Mosaic, by and through the actions and omissions of its employees, contractors, agents, apparent agents, and representatives, was negligent and breached its duty owed to Mr. Matthews by negligently creating and/or approving the dangerous site condition, including, but not limited to, the following actions, inactions, errors, and omissions:

    A. Failure to maintain the premises in a reasonably safe condition by creating and approving a dangerous, hazardous and unsafe condition on the subject premises

and otherwise permitting this condition to exist on the premises during the work performed by the Rice crew and Mr. Matthews;

B. Failure to exercise reasonable care to properly construct, prepare and maintain the ground and site for the installation of the trailer in a reasonable safe manner;

C. Failure to exercise reasonable care by influencing and directing the trailer to be installed upon a site that was not suitable to support the weight of the safety piers;

D. Failure to take reasonable measures to correct the dangerous, hazardous and unsafe condition of the site designated for the trailer installation;

E. Failure to warn Mr. Matthews and the Rice crew of the dangerous, hazardous and unsafe condition of the site designated for the trailer installation, including, but not limited to, inadequate and improper site preparation which, when combined with the weight and action of the train, would cause the ground immediately beneath the safety piers to collapse;

F. Failure to provide to Rice before the installation of the trailer an adequate and appropriate contractor safety management process and other appropriate instructions for use by the Rice crew, including Mr. Matthews; and

G. Failure to take other measures which were necessary and reasonable under the circumstances to protect Mr. Matthews from harm.

31. Because the duty of Mosaic as set forth above is non-delegable, Mosaic is vicariously liable for the negligent acts, if any, of any third party for any breach of this duty to Mr. Matthews.

32. As a direct and proximate result of the negligence of Mosaic, Mr. Matthews suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Mr. Matthews will suffer the losses in the future.

WHEREFORE, Mr. Matthews demands judgment against Mosaic for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Mr. Matthews demands a trial by jury on all issues triable as a matter of right.

Respectfully submitted,

C. Steven Yerrid, FBN 207594
David D. Dickey, FBN 949019
THE YERRID LAW FIRM
Bank of America Plaza
101 E. Kennedy Blvd, Suite 3910
Tampa, FL 33602-5192
Telephone: (813) 222-8222
Facsimile: (813) 222-8224